# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:03 CV 352

**FRED SUTER, et al.,**

    **Plaintiffs,**

v.                                           **ORDER**

**ALBERT ESPOSITO, et al.,**

    **Defendants.**

**THIS MATTER IS** before the Court upon Defendant Elizabeth Rushing's ("Defendant Rushing") "Motion to Dismiss for Misjoinder F.R.C.P. Rule 21," (file doc. 19), filed on May 24, 2005. Plaintiffs have not responded, and the time for doing so has expired.[1] Accordingly, this Motion is ripe for disposition.

## I.     PROCEDURAL AND FACTUAL HISTORY

In Defendant Rushing's Motion, she seeks to be dismissed from this action for "misjoinder." (Def.'s Mot. at 1.) Defendant Rushing refers to the affidavit she submitted to this Court on November 10, 2003, which declares that she had no involvement with any of the allegations of the Complaint. (Rushing Aff. ¶¶ 2-19.) In reference to this affidavit, Defendant Rushing states "[t]hat since November 10, 2003 [she] has not been served with any discovery, nor have the Plaintiffs provided the court with any evidence or rebuttal affidavit to substantiate any valid claim against Defendant." (Def.'s Mot. at 1.)

The Complaint, filed on July 10, 2003, alleges claims in violation of the Securities

---

[1] The Court notes that the Report of Mediation in this matter states that the case was "completely settled" on November 30, 2005. However, the subsequent Stipulation of Dismissal filed on December 29, 2005, reports only that Defendant Patrick Daugherty was dismissed from the action.

Exchange Act of 1934, the Securities Exchange Act of 1933, the North Carolina Security Act, common law fraud, conspiracy to commit fraud, unjust enrichment, and breach of contract. The allegations of the fifty-one page Complaint are lengthy. However, for purposes of the allegations against Defendant Rushing, the Court will attempt to summarize the claims.

From January 1998 through October 2001, the many defendants "established a number of business entities, which they used to devise and execute an elaborate investment fraud and Ponzi scheme." (Compl. ¶ 232.) During the course of this fraudulent scheme, defendants defrauded individuals of more than $39 million. (Compl. ¶ 236.) Three paragraphs of the Complaint mention Defendant Rushing by name. (Compl. ¶¶ 108-110.) The text of these paragraphs is as follows:

> 108. Beth Rushing is currently serving a sentence in federal prison for her involvement starting another scheme as she left Esposito.
>
> 109. Defendant Rushing served as the original bookkeeper for the Esposito Organization.
>
> 110. Rushing was also one of the original trustees for the Ark Foundation. She signed documents in connection with the acquisition by The Laurels, LLC (named as a Defendant herein) of property in Madison County, North Carolina.

(Compl. ¶¶ 108-110.) In one of the two paragraphs dedicated to the Ark Foundation, the Complaint asserts that "[a]cting through one of its trustees, Defendant George Yeager, Ark Foundation purchased the 268.93-acre mountain property located at 1111 Wilson Branch Road, Mars Hill, North Carolina in December 1998. The property was acquired with the use of funds obtained by the Defendants from investors." (Compl. ¶ 165.) However, Defendant Rushing asserts that she was only working with the Esposito Organization from May 1998 through

November 20, 1998. (Rushing Aff. ¶ 12.)

In light of the dates asserted in Defendant Rushing's Affidavit, other relevant allegations include that between "July of 1998 and March of 1999, Defendants solicited from investors in excess of $1.7 million and deposited these funds in the account of Rahab Trust and Management Company at the Bank of America." (Compl. ¶ 249.) Between November 11, 1998 and December 9, 1998, a deposit in excess of $500,000 was made by an investor into an account controlled by "Esposito, Branch, and other Defendants." (Compl. ¶ 249(a).) On November 18, 1998, Defendants Esposito, Branch, and other defendants moved approximately $195,000 of investor funds between accounts at Bank of America. (Compl. ¶ 249(b).)

All other allegations in the Complaint occurred after November 20, 1998, the date Defendant Rushing states that after which she "had nothing to do with Albert Esposito or any of his associates or businesses." (Rushing Aff. ¶ 13.) She worked with Albert Esposito at Freedom Advisors from May 1998 through November 20, 1998. (Rushing Aff. ¶ 2.) Rahab Foundation was created on or about July 1, 1998, and Ark Foundation was created on or about October 1998, at which time trust documents were signed. (Rushing Aff. ¶¶ 3, 4.) Defendant Rushing was a trustee of Ark Foundation from October 1998 through November 20, 1998. (Rushing Aff. ¶ 5.) As of November 20, 1998, Ark Foundation had acquired no assets; no trust business had been conducted on behalf of Ark Foundation; the property in Madison County, North Carolina had not been acquired or purchased; and The Laurels, LLC was not in existence, nor had it ever been discussed. (Rushing Aff. ¶¶ 6-9.)

As of November 20, 1998, Rahab Foundation had collected approximately $800,000, none of which had been transferred to Ark Foundation. (Rushing Aff. ¶ 11.) Defendant Rushing

3

never signed any documents regarding the purchase of assets for The Laurels, LLC. (Rushing Aff. ¶ 12.) Defendant Rushing "did accounting/bookkeeping work on behalf of Albert Esposito and Freedom Advisors from May 1998 until November 20, 1998 but [she] never produced any financial statements." (Rushing Aff. ¶ 14.) "As of November 20, 1998 no accounting/bookkeeping records existed for Rahab Foundation and [she] never produced any financial statements for Rahab Foundation." (Rushing Aff. ¶ 15.) Defendant Rushing has been incarcerated since June 19, 2000. (Rushing Aff. ¶ 16.)

Further, Defendant Rushing states that she never had any contact with either of the Suter Plaintiffs. (Rushing Aff. ¶ 17.) She had no knowledge of the representation that investments with Albert Esposito's organization would return between four and eight percent. (Rushing Aff. ¶ 18.) And, finally, she states that she had no knowledge of "any Corporations or Limited Liability Corporations established by Albert Esposito or Albert Esposito's Organization." (Rushing Aff. ¶ 19.)

## II. ANALYSIS

As a preliminary issue, the Court notes that Defendant Rushing proceeds *pro se* from prison. As such, Defendant Rushing's Motion shall be liberally construed and she shall be held to "less stringent standards than formal pleadings drafted by lawyers." [2] *Hughes v. Rowe*, 449

---

[2] Because Defendant Rushing is proceeding *pro se*, the Court considered construing her motion as one for summary judgment or as a motion to dismiss pursuant to Rule 12(b)(6). However, neither of these options were feasible considering the factual disputes and the limited information before the Court. Further, although the Court is denying Defendant Rushing's motion, the Court notes that the Complaint in this action was filed on July 10, 2003, and served on Defendant Rushing on October 3, 2003. On November 10, 2003, Defendant Rushing responded to the Complaint, and then filed the current motion on May 24, 2005. Plaintiffs did not respond to this motion, and, according to Defendant Rushing, they have provided her with no discovery. It appears to this Court that the last contact Plaintiffs had with Defendant Rushing was when they served the Complaint on her, which occurred almost two and a half years ago. Plaintiffs should either proceed with this claim against Defendant Rushing or they risk having the claims against her dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

U.S. 5, 9 (1980).

Defendant Rushing seeks to have herself dismissed from this action for misjoinder pursuant to Federal Rule of Civil Procedure 21. The text of Rule 21 reads:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Misjoinder is the "improper union of parties in a civil case." *Black's Law Dictionary* 1015 (7th ed. 1999). "If a party is improperly joined, the appropriate remedy is to move under Rule 21 either to drop the party or for a severance of the claim by or against the party." 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1684 (3d ed. 2005). Parties are misjoined when they do not satisfy the preconditions for permissive joinder of parties set forth in Rule 20(a). *Id.* at § 1683. "Thus, Rule 21 applies when the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or do not present some common question of law or fact." *Id. See also John S. Clark Co., Inc. v. Travelers Indemnity Co.*, 359 F. Supp. 2d 429, 437 (M.D.N.C. 2004). Further, district courts possess broad discretion in ruling on a motion under Rule 21. *See Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D. W. Va. 1993).

Accordingly, this Court must determine whether the claims asserted against Defendant Rushing and the other defendants "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As a review of the facts cited above illustrates, it is indisputable that the claims against Defendant Rushing and the other defendants arise out of the

5

same transactions and occurrences and will involve questions of common law and fact. Defendant Rushing asserts that because her involvement in the Esposito Organization ended on November 20, 1998, she was not involved in the larger transactions complained about in this action. However, by her own admission, as of November 20, 1998, the Rahab Foundation had collected approximately $800,000. (Rushing Aff. ¶ 11.) The underlying allegation that in essence supports all of the other claims in this action is that from January 1998 through October 2001, during the course of an allegedly fraudulent scheme, the many defendants defrauded individuals of more than $39 million. (Compl. ¶¶ 232, 236.) Defendant Rushing has not provided this Court with any information which would lead to the conclusion that Plaintiffs grievances with her are somehow different than those with the other defendants. Accordingly, her Motion to Dismiss for Misjoinder will be denied.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Misjoinder is hereby **DENIED**.

Signed: March 21, 2006

Richard L. Voorhees
Chief United States District Judge